No. 26-698

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

GREGORY ALLEN,

Plaintiff-Appellant

v.

WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants-Appellees,

On Appeal from the United States District Court
For the Western District of Washington
Case No.: 3:23-cv-05746-BHS

APPELLEES' SUPPLEMENTAL EXCERPTS OF RECORD

Michael J. Throgmorton, WSBA # 44263
Law Lyman Daniel Kamerrer & Bogdanovich, P.S.
2674 RW Johnson Rd., Tumwater, WA 98512
P.O. Box 11880 Olympia, WA 98508
Phone: (360) 754-3480
Fax: (360) 357-3511
Email: mthrogmorton@lldkb.com
Counsel for Defendants-Appellees

June 15, 2026

**INDEX**

| Document | File Date | USDC Dkt. # | SER # |
|---|---|---|---|
| Amended Complaint | 03/21/2024 | 21 | SER 03-11 |

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington ▼

| | |
|---|---|
| GREG ALLEN, and individual<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Washington DOC; SGT. Jason Kaehler; and<br>DOES 1-10<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. 3:23-cv-5746 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Washington State DOC - ServiceATG@atg.wa.gov
SGT. Jason Kaehler - 141Rogers RD, Prescott, WA 99348

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

John R. Bonin
PO Box 783
Shelton, WA 98584

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____03/21/2024_____          _____
                                          *Signature of Clerk or Deputy Clerk*

SER-03

THE HONORABLE BENJAMIN SETTLE

# FEDERAL DISTRICT COURT

## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **Greg Allen  an individual,** | ) **NO.:  3:23-cv-05746** |
| **Plaintiff,** | ) **AMENDED COMPLAINT** |
| **v.** | ) |
| **WASHINGTON STATE DEPARTMENT OF CORRECTIONS; and SGT. JASON KAEHLER, individually and in his marital community as well as in his capacity as a Sargeant employed by the Washington State Department of Corrections; AND DOES 1-10.** | ) |
| **Defendants.** | ) |

Plaintiff Greg Allen, by and through counsel, John R. Bonin, of Bonin Law, P.S., alleges and states as follows:

## I.     PARTIES/JURISDICTION & VENUE

1.1     Plaintiff is a former inmate of the Washington State Department of Corrections whose last location of incarceration was in Mason County Washington.

1.2     Defendant Washington State Department of Corrections is a government entity who is capable of being sued pursuant to state statute in state court under RCW 4.92.

1.3     Defendant Sgt. Jason Kaehler was, on information and belief a Sargeant employed with the Washington State Department of Corrections.  On information and belief Sgt. Kaehler may be a married person and if married his actions are also attributable to his

Complaint - 1

**BONIN LAW, P.S.**
**P.O. Box 783 Shelton, WA 98584**
**(360)427-7474**
(360)427-7475

SER-04

marital community. In addition, the actions of Defendant Kaehler were individual in scope, but were done through his exercise of the power of his position as a Sargeant working in a correctional facility for the State of Washington.

1.4 The Washington State Tort Claim process under RCW 4.92 has been complied with in this action to properly bring the Department of Corrections into this litigation with the State recognizing receipt of a claim form filed in May in the month of August of 2023.

1.5 The last location of incarceration for Allen under this fact pattern was in Mason County, Washington.

1.6 Jurisdiction and Venue are proper herein.

## II. FACTS

2.1 Plaintiff Gregory Allen is a person with mental and physical disabilities who, after setting himself on fire, was incarcerated within the Washington State Penal System.

2.2 While in prison, Gregory Allen's disabilities, which included both mental and physical, were made known to the Defendants.

2.3 While in prison Gregory Allen was sexually assaulted by another inmate.

2.4 After being assaulted by another inmate and given the scope of his mental and physical disabilities, internal and external medical providers in the system routinely advised that Gregory Allen needed, for his own personal health, to be confined in a single cell environment with no cell mates.

2.5 DOC, over the course of the entire term of Allen's sentence routinely failed and refused to accommodate Allen for his disabilities by providing him a single cell.

2.6 To the contrary, DOC – at nearly every institution where they placed him – not only refused to accommodate his disability but would regularly infract him for both his mental breakdowns and his insistence in being placed in single cell per provider recommendations.

2.7 By infracting Allen, DOC would end up removing all "good time" credits that Allen would ordinarily accrue thus prolonging his sentence.

2.8 By infracting Allen, rather than accommodating him, DOC would then have basis and did in fact put Allen into "solitary confinement" as an "infracting offender."

Complaint - 2

BONIN LAW, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474
(360)427-7475

2.9   The level that they assigned Allen as an "infracting offender" was a high-level offender (based on his number of infractions which involved his protests over not being given reasonable accommodation) and he was stripped of things that other offenders in solitary confinement were allowed to have (e.g., television, radio, etc.).

2.10   Other offenders also in solitary confinement would see the living conditions that Allen was forced to reside in while in solitary and opine that he was a sex-offender, as the type of restrictions upon Allen were those most commonly imposed on sex-offenders.

2.11   As a result of how DOC was treating Allen he therefore became even more of a target for other inmate assaults upon him as someone they believed to have been convicted of, what is even considered in prison settings, as an onerous offense.

2.12   Allen also had physical needs (e.g., wheelchair and support devices) that as a result of his form of "infracting confinement" was denied to him.

2.13   For a period of approximately six months, Allen was, for example, denied a medically required wheelchair as well as a leg brace by a Sargeant for DOC who after observing Plaintiff being able to walk short distances, took steps to, within less than ten minutes of having observed the Plaintiff walking, cause the Plaintiff's medical equipment requirements to be revised to remove his required leg brace and wheelchair.

2.14   The sergeant, Defendant Keahler, observed the plaintiff walking a short distance without these items, ran to a physician assistant located next to the Plaintiffs cell and directed a change of his equipment needs, and then walked into Plaintiff's cell laughing at the plaintiff as he threw the "revised" list of equipment at the Plaintiff and exited plaintiff's cell with his leg brace and wheel chair.

2.15   Plaintiff was then without these medically necessary items for a period of approximately six months until a review was performed by Dr. Maryanne Curl, Chief Medical Officer, which subsequently restored plaintiff's medical equipment and instructed employees of the Defendant to no longer interfere with Plaintiff's medical equipment needs.

2.16   In addition to making unilateral and malicious decisions with respect to plaintiff's medical equipment needs, the overall  method of accommodating Allen for his single

Complaint - 3

BONIN LAW, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474
(360)427-7475

SER-06

cell needs by punishing him served to prolong his sentence, which otherwise would have been reduced by many years.

2.17 Throughout his entire sentence, Allen regularly and routinely engaged in every form of protest available to him both internally and externally in an effort to obtain relief and DOC refused and failed to provide him with this necessary relief.

2.18 On frequent occasions Allen's lawful protests, requests for reasonable accommodation and complaints to both internal and external enforcement entities were met with threat to infract him and/or remove things like his wheelchair and place him in "segregation" longer.

2.19 After engaging in protected activities, DOC would retaliate against Allen with more punishment.

### III.   CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. 1983

3.1 Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.

3.2 42 U.S.C. 1983 provides a remedy to plaintiffs who have had their federal constitutional rights violated by persons acting under color of law.

3.3 Defendant Sgt. Kaehler, improperly and with intent to deprive, utilized his position of authority over Plaintiff to wrongfully deprive him of medical equipment for a protracted period of time in deprivation of plaintiff's civil rights.

3.3 Deliberate indifference to an inmate's medical needs is an interference with an inmate's rights under the Constitution.  537 U.S. 1106, 123 S. Ct. 8782, 154 L.ED 2d 775 (2003) (quoting Monell v., Dept. of Social Svcs., 436 U.S. 658, 689, 98 S. Ct. 2018, 56 L. ED., 2d 611 (1978)).

3.4 The plaintiff had serious medical need which required him to be housed in a separate cell for his mental disabilities and to be provided physical accommodations for his physical disabilities.

3.5 Plaintiff regularly requested accommodation for these disabilities.

3.6 Defendants were deliberately indifferent to the needs of the Plaintiff.  See Akhtar v. Mesa, 698 F. 3d 1202, 1213 9th Cr. 2012).

Complaint - 4

BONIN LAW, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474
(360)427-7475

SER-07

3.7     The deliberate indifference stemmed from defendants' failure to follow medical directives that plaintiff be placed in separate cell.

3.8     The deliberate indifference is shown by Defendants purposeful acts of infracting him for protests to DOC refusal to follow medical directives which was used to cause additional harm to the Plaintiff as a direct result of that indifference.

3.9     The acts and omissions of the Defendants amount to violation of plaintiff's rights under the Eight Amendment to the Constitution of the United States of America as well as violation of the Washington State Constitution.

3.10    The state, in engaging in this deliberate indifference to Plaintiffs' Eight Amendment Rights improperly applied their own internal policies, which either on their face or as applied, generated a known disregard and excessive risk to inmate health and safety.

3.11    The state, through complaints from Allen as well as his medical support knew of and disregarded this substantial risk of serious harm in the course of neglecting Allen's serious medical needs and even punishing him.   Farmer v. Brennan, 511 US 825, 837, 114 S.Ct. 1970, 1281 L. ED 811 (1994).

3.12    By refusing to provide Allen with a separate cell and citing to policies and financial reasons to refuse to do so, the state evidenced a custom or practice of ignoring or disregarding the medical opinions of its own staff on issues related to separate cells for persons with Allen's' disabilities.

3.13    The State, in implementing the policies and related punitive sanctions against Allen knew that its directives were causing serious risk to Allen's mental health as well as direct punishment for his condition by placing him in segregation without even the amenities available for persons placed in administrative segregation for violent offenses.

3.14    As a direct and proximate result of the actions and omissions of Defendants the plaintiff has been harmed in amounts to be proven at time of trial.

## VIOLATION OF AMERICANS WITH DISABILITIES ACT

3.15    Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.

Complaint - 5

BONIN LAW, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474
(360)427-7475

SER-08

3.16   42 USC § 12132 qualifies the prisons as a public entity.

3.17   Under the Americans with Disabilities Act the prison system is required to ensure that inmates with disabilities are housed in the most integrated setting appropriate to the needs of the individual.  20 CFR 35.152(b)(2).

3.18   Plaintiff is a person with disabilities.

3.19   Plaintiff was otherwise qualified to receive the benefits of this public entity's services, programs or activities.

3.20   Plaintiff was excluded form participation in or denied the benefits of the public entity's services, programs, or activities or otherwise discriminated against by the public entity.

3.21   Such exclusion, denial of benefits or discrimination was by reason of his disability. See Simmons v. Navajo County, Ariz., 609 F. 3d 1011, 1021 (9th Cr. 2010).

3.22   As a direct and proximate result plaintiff has been injured in amounts to be proven at time of trial.

**FALSE IMPRISONMENT**

3.24   Plaintiff restates and re-alleges all prior paragraphs as if fully set forth herein.

3.25   Plaintiff's circumstances were and amounted to detention and restraint on his person in excess to those meeting policies for early release and with penalties in daily living activities excessive to his sentence and his conduct while incarcerated.

3.26   Plaintiffs' detention his conditions of detention and restraint in excess of what was available was unlawful.

3.27   As a direct and proximate result of this unlawful detention or restraint the Plaintiff has been made to suffer damages as shall be proven at time of trial or hearing.

**INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

3.28   Plaintiff restates and re-alleges all prior paragraphs.

3.29   The actions of the Defendants herein were extreme and outrageous in form.

Complaint - 6

BONIN LAW, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474
(360)427-7475

SER-09

3.30   The actions as complained of herein were designed and intended to cause the Plaintiffs to suffer emotional distress or were to such a degree of failure to address actions wherein a reasonable and prudent person would know or should know that emotional distress would be the result.

3.31   As a directed and proximate result of the actions of the Defendants the Plaintiffs did suffer emotional distress.

3.32   Plaintiffs have been injured in an amount to be proven at time of trial or hearing.

**NEGLIGENCE**

3.1.   Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.

3.2.   Defendants had duties due to the special relationship with Greg Allen, this is a positive duty arising out of the special relationship that results when a custodian has complete control over a prisoner deprived of liberty.

3.3   Defendants breached those duties.

3.4   As a direct and proximate result of Defendant's breach of duty the Plaintiff has been injured in an amount to be proven at time of trial or hearing.

**REQUEST FOR RELIEF**

Wherefore, Plaintiffs, having set forth cause of action requests the Court order the following relief:

1.   Findings of Fact and Conclusions of law as against Defendants in accord with proof as to each claim as shall be proven at time of trial or hearing.

2.   An award of damages, in accord with proof to be presented at time of trial or hearing for all damages suffered and sustained by the Plaintiff in association with those actions complained of herein, inclusive but not limited to those punitive and exemplary damages and attorney fees and costs as afforded under either 42 U.S.C. § 1988 and/or the Americans with Disabilities Act.

3.   For such other and further relief as the Court deems just and appropriate.

Complaint - 7

**BONIN LAW, P.S.**
P.O. Box 783 Shelton, WA 98584
**(360)427-7474**
(360)427-7475

SER-10

Respectfully Submitted this 21st day of March 2023

Bonin Law

_____

John R. Bonin, WSBA #25760

Attorney for Greg Allen

VERIFICATION

**THE UNDERSIGNED, under penalty of perjury under the laws under the state of**

**Washington states and declares:**

I am a Plaintiff herein.  I have reviewed the above referenced complaint and I certify that the

content is truthful and accurate to the best of my ability.

Signed this 21____ day of March 2024 in Mason County, Washington

_____
Greg Allen (Mar 21, 2024 10:22 PDT)

Greg Allen

Complaint - 8

**BONIN LAW, P.S.**
**P.O. Box 783 Shelton, WA 98584**
**(360)427-7474**
(360)427-7475

SER-11